Chad D. Bernard (SBN 194162)
Chad.Bernard@jacksonlewis.com
Eric J. Gitig (SBN 307547)
Eric.Gitig@jacksonlewis.com
Martin P. Vigodnier (SBN 311834)
Martin.Vigodnier@jacksonlewis.com
Nareg A. Kourouyan (SBN 334031)
Nareg.Kourouyan@jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:   (213) 689-0404
Facsimile:    (213) 689-0430

Attorneys for Defendant
ROCKET MORTGAGE, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY TOLBERT, on behalf of himself and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ROCKET MORTGAGE, LLC, a Michigan Limited Liability Company; and DOES 1-25, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**DECLARATION OF ERIC J. GITIG IN SUPPORT OF DEFENDANT ROCKET MORTGAGE, LLC'S NOTICE OF REMOVAL**<br><br>[*Filed concurrently with Notice of Removal; Declaration of Amy Courtney; Civil Case Cover Sheet; Notice of Interested Parties; and Corporate Disclosure Statement*]<br><br>Complaint Filed:   June 21, 2023 |

///
///
///
///
///
///

## DECLARATION OF ERIC J. GITIG

I, Eric J. Gitig, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and before this Court.  I am a Principal with the law firm Jackson Lewis P.C., counsel of record for Defendant ROCKET MORTGAGE, LLC ("Defendant").  I make the following declaration based on personal knowledge, unless otherwise stated, and on my review of and familiarity with Defendant's files and documents in the above-captioned matter.  If called as a witness, I could and would competently testify to the facts contained herein.  I submit this declaration in support of Defendant's Notice of Removal.

2.      On June 23, 2023, Plaintiff Courtney Tolbert ("Plaintiff") served Defendant with a copy of the Summons and Complaint in this action.  Attached hereto as **Exhibit "A"** are true and correct copies of Plaintiff's Summons, Complaint, and related court documents filed in the Riverside County Superior Court, which were served on Defendant.

3.      On July 24, 2023, Defendant filed and served an Answer to the Complaint, making a general denial as permitted b  y California Code of Civil Procedure § 431.30(d) and asserting various affirmative defenses.  Attached hereto as **Exhibit "B"** is a true and correct copy of Defendant's Answer to Plaintiff's Complaint filed in the Superior Court of the State of California in and for the County of Riverside.

4.      To the best of my knowledge and based on information and belief, **Exhibits "A"** and **"B"** constitute all of the pleadings received by the Defendant in state court.

5.      I am not aware of any individual or entity being substituted in as a Doe defendant in the state court action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 24th day of July 2023, at Los Angeles, California.

*/s/ Eric J. Gitig*

ERIC GITIG

4880-0346-1486, v. 1

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 06/21/2023 11:42 AM
Case Number CVRI2303158 0000061770459 - Jason B. Galkin, Executive Officer/Clerk of the Court By Taylor Lomuscio, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROCKET MORTGAGE, LLC, and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

COURTNEY TOLBERT, on behalf of himself and others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Riverside Superior Court
*(El nombre y dirección de la corte es):* Riverside Historic Courthouse
4050 Main Street
Riverside, CA 92501

**CASE NUMBER:**
*(Número del Caso):*
CVRI2303158

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Righetti, Esq. John Glugoski, Esq.; Righetti Glugoski, P.C.; 220 Halleck Street, Suite 220, San Francisco, CA 94129; (415) 983-0900

DATE:
*(Fecha)* 06/21/2023

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ROCKET MORTGAGE, LLC

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* 17701.16 (LLC)

4. ☒ by personal delivery on *(date):* 6/23/23

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 06/21/2023 11:42 AM
Case Number CVRI2303158 0000061770457 - Jason B. Galkin, Executive Officer/Clerk of the Court By Taylor Lomuscio, Clerk

Reuben D. Nathan, Esq. (SBN: 208436)
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Ste. 200
Newport Beach, CA 92663
Tel: (949) 270-2798
Fax: (949) 209-0303
rnathan@nathanlawpractice.com

Matthew Righetti, Esq. (SBN: 121012)
John Glugoski, Esq. (SBN: 191551)
**RIGHETTI GLUGOSKI, P.C.**
The Presidio of San Francisco
220 Halleck Street, Suite 220
San Francisco, CA 94129
Tel. No.: (415) 983-0900
matt@righettilaw.com
jglugoski@righettilaw.com

Attorneys for Plaintiff, COURTNEY TOLBERT and Proposed Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| COURTNEY TOLBERT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br><br>ROCKET MORTGAGE, LLC; and DOES 1 through 25, inclusive,<br><br><br>Defendants. | Case No.: CVRI 2303158<br><br>CLASS ACTION<br><br>**COMPLAINT** |

COMPLAINT

1    Plaintiff COURTNEY TOLBERT ("Plaintiff") hereby submits his complaint ("Complaint")
2    against Defendants ROCKET MORTGAGE, LLC[1] ("ROCKET") and DOES 1 through 25, inclusive
3    (collectively, "Defendants"), on behalf of himself and other current and former similarly situated
4    employees of Defendants for damages as follows:

5                                **INTRODUCTION**

6        1.      This class action is brought pursuant to Labor Code §§ 201, 202, 203, 204, 221, 223,
7    224, 226, 226.2, 226.3, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2800 et seq. and Industrial
8    Welfare Commission Wage order 4-2001, §3(A), Industrial Welfare Commission Wage order 4-2001, §
9    11.

10       2.      This Complaint challenges Defendants' systemic illegal employment practices resulting
11   in violations of the stated provisions of the Labor Code against the identified group of employees.

12       3.      Plaintiff is informed and believes and thereon alleges Defendants jointly and severally
13   acted intentionally and with deliberate indifference and conscious disregard to the rights of all
14   employees. This action is brought based on the Defendants' wrongful actions and includes the
15   following causes of action: (1) Failure to Pay Minimum Wage;  (2) Failure to Pay Overtime and
16   Double Time;  (3) Improper Meal Periods;  (4) Improper Rest Periods;  (5) Unlawful Deductions; (6)
17   Improper Wage Statements; (7) Wages Not Paid Upon Separation;  (8) Failure to Reimburse Expenses;
18   and (9) Unfair Business Practices.

19                           **JURISDICTION AND VENUE**

20       4.      Pursuant to Code of Civil Procedure section 410.10, this Court has jurisdiction over the
21   Defendants, because each Defendant is a person or business entity that is a resident or business entity
22   that is established, incorporated and/or has sufficient minimum contacts with the State of California so
23   far as to render exercise of jurisdiction over the Defendants consistent with traditional notions of fair
24   play and substantial justice.

25

26   [1]  Rocket Mortgage, LLC is formerly known as Quicken Loans, LLC and became a public company on
     August 6, 2020.
27                                         1
                                      COMPLAINT
28

5.      Venue is proper in this Court, pursuant to Code of Civil Procedure section 395.5, because Defendant's obligations and liabilities to Plaintiff arose in Riverside County, California, the proposed class is a California class and the issues giving rise to the within complaint occurred in Riverside County, California.

6.      There is no federal jurisdiction in this case for the following reasons:

    a.  Plaintiff alleges, pursuant to 28 U.S.C. § 1332(d)(4) a district court shall decline to exercise jurisdiction over a class action where two-thirds or more of the members of all proposed Plaintiff classes are in the aggregate located within the state.

## PARTIES

7.      Plaintiff COURTNEY TOLBERT was hired as a non-exempt employee for the remainder of his employment with ROCKET.

8.      Defendants employed Plaintiff COURTNEY TOLBERT ("Plaintiff") from June 19, 2020 to June 24, 2022.

9.      Plaintiff is informed and believes and thereon alleges that Defendant Rocket Mortgage, LLC ("Defendant" or "ROCKET") is a Michigan limited liability company licensed to do business and actually doing business in the State of California, including the County of Riverside.

10.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of Defendants sued herein as DOES 1 through 25, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of Defendants designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and other current and former aggrieved employees to be subject to the illegal employment practices, wrongs and injuries complained of herein.

11.     At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of

1   their authority as such agents, partners, joint venturers, representatives, servants, employees,
2   successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly
3   committed with ratification, knowledge, permission, encouragement, authorization and consent of
4   each Defendant designated herein.

5                                    **INTRODUCTION**

6        12.     Plaintiff, upon information and belief and based upon such basis, alleges that Defendant
7   ROCKET employed more than 100 non-exempt employees including associate bankers and loan
8   processors.

9        13.     Plaintiff alleges Class Members are non-exempt employees, who were not compensated
10  for minimum wage, overtime wages, were not afforded meal and rest breaks (or compensation in lieu
11  thereof), did not receive accurate wage statements, did not receive wages upon separation, were
12  subjected to illegal deductions while non-exempt and exempt employees were not reimbursed for
13  business expenses ("other similarly situated employees" or "Class Members").

14       14.     Upon information and belief, to date, the Defendants' illegal practices set forth herein
15  this complaint is present and continuing.

16       15.     Plaintiff, upon information and belief and based upon such basis, alleges that Defendants
17  did not regularly provide Plaintiff and other similarly situated employees what they were legally
18  entitled to.

19                               **FACTUAL ALLEGATIONS**

20       16.     Defendants employed Plaintiff and all other similarly situated employees.

21       17.     At all times set for herein, Defendants employed Plaintiff and all other similarly situated
22  throughout the state of California.

23       18.     On information and belief, Plaintiff is informed and believes, and thereon alleges, that
24  Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors
25  with knowledge of the requirements of California's wage ad employment laws. Defendants had the
26  authority to hire and terminate Plaintiff and other similarly situated employees, to set work rules and

27                                           3
28                                      COMPLAINT

1  conditions, and to supervise their daily employment activities.

2      19.    During the relevant time frame, Defendants compensated Plaintiff and some of the

3  other similarly situated employees with an hourly pay and often times with a commission and/or

4  bonus.

5      20.    During the relevant time frame, Plaintiff and some of the other similarly situated

6  employees worked well over eight (8) hours in a day and forty (40) hours in a workweek, and were

7  frequently compelled to work on weekends in addition to the workweek.  Plaintiff and all similarly

8  situated persons worked in excess of eight (8) hours in a day or forty (40) hours per workweek.

9  Defendants required Plaintiff and the other similarly situated employees to work but did not pay

10  Plaintiff and the other similarly situated employees for all hours worked on any given day or in any

11  given workweek.

12      21.    During the relevant time frame, Plaintiff and other similarly situated employees

13  frequently worked a minimum of ten (10) hours in a single day and often times worked over twelve

14  (12) or more hours in a single day.

15      22.    Upon information and belief, during the relevant time frame, Defendants maintained a

16  series of policies and practices that effectively coerced and pressured its non-exempt employees to

17  work of-the-clock, have their wages deducted, have their wages miscalculated, to shorten (tantamount

18  to a missed meal period) or forego meal and rest periods (or not be paid for their rest breaks), which

19  also occurred on weekends  and to otherwise work beyond the hours that they were properly

20  compensated for by Defendants as a result of a complicated device used to calculate the overtime rate

21  which was incorrect.  These policies and practices give rise to violations due to failure to pay overtime

22  wages owed and failure to pay premium wages, including, but not limited to failure to compensate for

23  missed meal and rest breaks.

24      23.    Upon information and belief, Plaintiff and all similarly situated persons worked in

25  excess of eight (8) hours in a day or forty (40) hours per workweek.  On information and belief,

26  Plaintiff did not receive minimum wage when deductions and mandatory reimbursements were not

27                                      4

28  COMPLAINT

1    made by or taken into account by Defendants. Defendants required Plaintiff and the Class Members

2    to work, but did not pay Plaintiff and the Class Members for all hours worked on any given day or

3    in any given workweek.  On information and belief, Plaintiff and Class Members were regularly

4    compelled to work off the clock and Defendants created a policy to account for less hours than the total

5    amount of hours actually worked by Plaintiff and Class Members in order to meet certain goals, to

6    generate more sales. This failure to properly compensate Plaintiff and Class Members for overtime

7    hours worked.  Defendants' failure to pay Plaintiff and other similarly situated employees the unpaid

8    balance of premium overtime compensation violates the provisions of California Labor Code sections

9    510 and 1194, as well as IWC wage order 4-2001.

10         24.    Upon information and belief, during the relevant time frame, Defendants maintained

11    and enforced an aggressive set of demands for these non-exempt employees with respect to the goals

12    thereby requiring Plaintiff and Class Members to interrupt or shorten their lawful meal periods of

13    thirty (30) uninterrupted minutes while being relieved of all duty.  Plaintiff and Class Members were

14    forced to work in excess of five (5) hours per day on a regular basis without being provided a daily

15    thirty (30) minute restrictive-free meal period.  During all relevant periods, Defendants illegally and

16    unlawfully required Plaintiff and Class Members to work through meal periods.  Wage orders required

17    that Plaintiff and Class Members be compensated for the meal periods for which Defendants required

18    Plaintiff and Class Members to work. Defendants failed to compensate Plaintiff and Class Members

19    for these meal periods worked on any given day or during any given workweek.

20         25.    Upon information and belief, during the relevant time frame, Plaintiff and Class

21    Members did not receive meal periods; in addition, Defendants' work demands and pressure from

22    Defendants' management, with specific knowledge and/or at the instruction of Defendants, as a result

23    of an implemented policy, regularly required Plaintiff and Class Members to return to work before

24    completing (constitutes a missed meal period) an uninterrupted meal period of thirty (30) minutes.

25         26.    Upon information and belief, during the relevant time frame, Plaintiff and Class

26    Members often worked shifts in excess of then (10) hours, yet were never provided a second,

27

28

1   uninterrupted meal period of thirty (30) minutes for those shifts.

2       27.     Despite the above-mentioned meal period violations, Defendants never compensated

3   Plaintiff and Class Members on additional hour of pay at their regular rate as required by California

4   law when meal and rest periods were not provided.

5       28.     Upon information and belief, during the relevant time frame, Defendants maintained

6   and enforced a schedule and policies that due to business demands often required Plaintiff and Class

7   Members to shorten (constitutes a missed rest break) or forego their lawful rest periods of ten (10)

8   minutes for every four (4) hours worked or major fraction thereof.  During all relevant periods,

9   Defendants illegally and unlawfully required Plaintiff and Class Members to work through rest

10  periods.  Wage orders required that Plaintiff and Class Members be compensated for the rest periods

11  for which Defendants required Plaintiff and Class Members to work. Defendants failed to compensate

12  Plaintiff and Class Members for these rest periods worked on any given day or in any given

13  workweek.

14      29.     Despite the above-mentioned rest period violations, Defendants never compensated

15  Plaintiff and Class Members one additional hour of pay at their regular rate as required by California

16  law for each day on which rest periods were not authorized or permitted.

17      30.     Defendants failed to pay when due and on time, Plaintiff and Class Members the legal

18  wages they earned or that were due, failed to provide all authorized meal and rest periods (or failed to

19  pay an hour at the regular rate for meal and rest breaks) owed to Plaintiff and Class Members and

20  failed to pay one (1) hour wages in lieu of Defendants' failure to provide a meal and rest period,

21  including at such time when employee quit or was discharged.  Defendants failed to offer Plaintiff and

22  all other similarly situated persons paper wage statements.  The wage statements themselves lack

23  information required under the Labor Code. Defendants have made it difficult to account with

24  precision for the unlawfully deducted and/or withheld wages owed to Plaintiff and all other similarly

25  situated employees without an examination of all records during the liability period and failed to

26  implement and on information and belief failed to preserve a lawful record-keeping method to record

27                                          6

28                                     COMPLAINT

1   all non-provided meal and rest breaks owed to employees, as required for non-exempt employees by
2   California Labor Code section 226 and applicable California Wage Orders.

3          31.    Plaintiff is informed and believes, and thereon alleges, that Defendants know, should
4   know, knew, and/or should have known that Plaintiff and Class Members entitled to receive accurate
5   wages for regular and overtime work, and premium wages under Labor Code §226.7(b), but were not
6   receiving accurately calculated compensation.

7          32.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
8   mentioned, Defendants knew that they had a duty to accurately compensate Plaintiff and Class
9   Members for all hours worked including regular and overtime wages as well as meal and rest period
10  premiums, and that Defendants had the financial ability to pay such compensation, but willfully,
11  knowingly, recklessly, and/or intentionally failed to do so.

12         33.    Defendants set up and enforced schedules, policies, and workload requirements
13  whereby Plaintiff and all other similarly situated Class Members reach certain sales quotas.

14         34.    Defendants also set up and enforced schedules, policies, and workload requirements
15  wherein Plaintiff and Class Members were regularly not provided with a first uninterrupted meal
16  period of at least thirty (30) minutes during shifts of greater than five (5) hours, or a second
17  uninterrupted meal period of at least thirty (30) minutes during shifts greater than ten (10) hours.
18  Plaintiff and all other similarly situated employees were also regularly required to take an untimely
19  first meal period, which often commenced after the start of the sixth hour of a shift, which was also
20  shortened (tantamount to a missed meal period). Defendants also did not authorize and/or failed to pay
21  Plaintiff and class members the regular rate for ten (10) minute rest periods for every four (4) hours
22  worked or major fraction thereof.

23         35.    Plaintiff are informed and believes, and based thereon alleges, that Defendants knew or
24  should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and
25  Class Members in accordance with California law, but, in fact, did not keep complete and accurate
26  payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or

27

28
                                                    7

1  should have known that Plaintiff and Class Members were entitled to reimbursement for necessary

2  business-related expenses.    At all material times set forth herein, Defendants failed to reimburse

3  Plaintiff and Class Members for necessary business-related expenses and costs including for at home

4  office expenses for such items such as Internet, supplies, electricity, water, office space, etc. At all

5  material times set forth herein, Defendants failed to properly reimburse Plaintiff and Class Members

6  pursuant to California law in order to increase Defendants' profits.

7  **CLASS ACTION ALLEGATIONS**

8      36.    Plaintiff brings this action on her own behalf, as well as on behalf of each and all other

9  persons similarly situated and thus, seeks class certification.

10      37.    All claims alleged herein arise under California law for which Plaintiff seeks relief

11  authorized by California law.

12      38.    Plaintiff proposes the following class (hereinafter "Class") be created:

13          All individuals who have been employed or are currently employed by Defendants, as

14          non-exempt employees dating back four years from June 19, 2019 to the present date.

15          Excluded from the Class are the Defendants in this action, any entity in which the

16          Defendants have a controlling interest, any officers, directors, and shareholders of the

17          Defendants, and any legal representatives, heirs, successors, and assigns of the

18          Defendants.

19      39.    Plaintiff proposes the following class (hereinafter "Reimbursement Sub-Class") be

20  created:

21          All individuals who have been employed or are currently employed by Defendants, as

22          non-exempt and exempt employees who worked from home dating back four years from

23          June 19, 2019 to the present date. Excluded from the Class are the Defendants in this

24          action, any entity in which the Defendants have a controlling interest, any officers,

25          directors, and shareholders of the Defendants, and any legal representatives, heirs,

26          successors, and assigns of the Defendants.

27

28

40.   Members of the Class will be referred to as "Class Members" and members of the Reimbursement Sub-Class will be referred to as "Reimbursement Class Members."

41.   There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

     a.  Numerosity: The members of the Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class is unknown to Plaintiff at this time. However, the Class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

     b.  Typicality: Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest, and Plaintiff's claims (or defenses, if any), are typical of all Class Members as demonstrated herein.

     c.  Adequacy: Plaintiff is qualified to, and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest and typicality of claims, as alleged herein. Plaintiff acknowledges that they have an obligation to the Court to make known any relationship, conflict, or differences with any Class Member. Plaintiff' attorneys and proposed Class counsel are well-versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

     d.  Superiority: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will

1    avoid inconsistent outcomes because the same issues can be adjudicated in the
2    same manner and at the same time for the entire class.

3    42.    There are common questions of law and fact as to the Class that predominate over
4    questions affecting only individual members, including but not limited to:

5         e.   Whether Defendants failed to pay Plaintiff and Class minimum wage and
6              overtime;

7         f.   Whether Defendants failed to pay minimum wage;

8         g.   Whether Defendants' failure to pay wages, without abatement or reduction, in
9              accordance with the California Labor Code, was willful;

10        h.   Whether Defendants complied with wage reporting as required by the
11             California Labor Code; including but not limited to Section 226;

12        i.   Whether Defendants had a policy or practice of not providing meal periods to
13             its non-exempt employees or providing compensation for missed meal
14             periods;

15        j.   Whether Defendants had a policy or practice of not providing meal periods to
16             its account executives or providing compensation for missed meal periods;

17        k.   Whether Defendants engaged in unlawful wage deductions;

18        l.   Whether Defendants had a policy or practice of not paying or providing rest
19             periods to its non-exempt employees compensation for missed rest periods;

20        m.   Whether Defendants had a policy or practice of not providing rest periods to
21             its account executives compensation for missed rest periods;

22        n.   Whether Defendants reimbursed business expenses;

23        o.   Whether Defendants provided itemized accurate wage statements;

24        p.   Whether Defendants paid all wages due and owing upon separation of
25             employment;

26        q.   Whether Defendants violated Labor Code section 2698, et seq.; and

27                                        10
                                     COMPLAINT
28

r.   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

### FIRST CAUSE OF ACTION

### Violation of Labor Code sections 1194, 1197, and 1197.1 – Minimum Wage

*(Plaintiff and Class Members against all Defendants)*

43.   Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations, as set forth in paragraphs 1 through 43 of this Complaint.

44.   California Labor Code sections 1194, 1197, and 1197.1 provide that minimum wage must be paid to employees in the state of California and the any lesser wage is a violation.

45.   Defendants failed to pay Plaintiff and Class Members minimum wage at the rates required by the state of California.

46.   Defendants' failure to pay Plaintiff and Class Members the minimum wage required violates California Labor Code sections 1194, 1197, and 1197.1. Defendants failed to track all hours worked including hours worked by Plaintiff and Class Members. Plaintiff and Class Members are entitled to recover the balance of any minimum wage compensation.

### SECOND CAUSE OF ACTION

### Violation of Labor Code sections 510, 1198 & Industrial Welfare Commission Wage Order 4-2001, §3(A) – Unpaid Overtime and Double Time

*(Plaintiff and Class Members against all Defendants)*

47.   Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations, as set forth in paragraphs 1 through 48 of this Complaint.

48.   At all times herein set forth, California Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

49.   At all times herein set forth, California Labor Code section 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission (hereinafter "IWC").

11

COMPLAINT

50.     At all times herein set forth, IWC Wage Order section 4-2001(3)(A), which is applicable to Plaintiff and Class Members' employment by Defendants, has provided that employees working for more than eight (8) hours in one (1) day, and/or more than forty (40) hours in one (1) workweek, are entitled to payment at the rate of one-and-one-half (1 ½) his or her regular rate of pay for all hours worked in excess of eight (8) hours in one (1) day or more than forty (40) hours in one (1) work week. An employee who works more than twelve (12) hours in one (1) day is entitled to overtime compensation at a rate of twice his or her regular rate of pay.  During this liability period, Plaintiff and other similarly situated employees received commissions as well as an hourly rate.  Plaintiff and Class Members worked in excess of forty (40) hours per workweek for each workweek while employed by Defendants throughout the course of employment with Defendants, subject to any workweeks wherein Plaintiff and Class Members missed workdays as a result of sick days, personal emergencies, or anything else that would otherwise interfere with workweek schedules.  Defendants required Plaintiff and the Class Members to work but did not pay Plaintiff and Class Members for all hours worked on any given day or in any of the given workweeks herein mentioned through commissions, off the clock or as a result of Defendants manipulating its time records.  Defendants failed to compensate Plaintiff and Class Members for work performed in excess of eight (8) hours a day or forty (40) hours per workweek while employed by Defendants, which occurred throughout Plaintiff and Class Members course of employment with Defendants.

51.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half (1 ½) the regular hourly rate for hours worked in excess of eight (8) hours in one (1) day or forty (40) hours in one (1) week or for the first eight (8) hours worked on the seventh day of work, and at twice the regular hourly rate for hours worked in excess of twelve (12) hours in one (1) day or in excess of eight (8) hours on the seventh day of work.

52.     During the relevant time period, more specifically, three years dating back from the filing of  this Complaint, Plaintiff and Class Members worked in excess of eight (8) hours in one (1) work day and forty (40) hours in one (1) work week.  During the relevant time period, more

1  specifically, dating back three years from the filing of this Complaint, Plaintiff and Class Members

2  frequently worked in excess of ten (10) hours and often times worked in excess of twelve (12) hours in

3  one (1) work day.

4      53.    During the relevant time period, Defendants failed to pay all premium overtime wages.

5  Defendants failed to track all hours worked including overtime hours and failed to include the

6  discretionary bonuses into the regular rate.  Defendants failed to pay double time wages owed to

7  Plaintiff and Class Members for worked performed in excess of twelve (12) hours.

8      54.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of premium

9  overtime compensation, as required by California state law, violates the provisions of Labor Code

10  section 510 and is therefore unlawful.

11      55.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of premium

12  overtime compensation, as required by California state law, violates the provisions of Labor Code

13  section 510 and 1198 and is therefore unlawful.

14      56.    Pursuant to Labor Code section 1194, Plaintiff and Class Members are entitled to

15  recover unpaid overtime compensation, as well as interest, costs, and attorney's fees.

16      57.    Pursuant to Labor Code section 558, Plaintiff and Class Members are entitled to fifty

17  dollars ($50.00) for each pay period for which the employee was underpaid.

18      58.    This is in addition to an amount sufficient to recover underpaid wages and for each

19  subsequent violation, one hundred dollars ($100.00) for each pay period for which the employee was

20  underpaid in addition to an amount sufficient to recover underpaid wages.

21                                  **THIRD CAUSE OF ACTION**

22  **Violation of Labor Code sections 226.7, 512(a), and Industrial Welfare Commission Wage Order**

23                          **4-2001, § 11 – Improper Meal Periods**

24                      *(Plaintiff and Class Members against all Defendants)*

25      59.    Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material

26  allegations, as set forth in paragraphs 1 through 60 of this Complaint.

27                                          13

28                                      COMPLAINT

60.     At all times herein, Labor Code section 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

61.     At all times herein, Labor Code section 512(a) provides that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

62.     The language of IWC Order No. 4-2001 § 11(B) relating to meal periods tracks the language of the California Labor Code.

63.     During the relevant time period, Plaintiff and all other similarly situated employees, who were scheduled to work in excess of five (5) hours, but not longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work in excess of five (5) hours without receiving a meal period of not less than thirty (30) minutes. During the relevant time period, Plaintiff and all other similarly situated employees, who were scheduled to work for a period of time in excess of six (6) hours, were required to work in excess of five (5) hours, without receiving a meal period of not less than thirty (30) minutes. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

64.     Plaintiff and Class Members were forced to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period. Plaintiff and Class Members did not receive meal periods; in addition, Defendants' work demands and pressure from Defendants' management, with specific knowledge and/or at the instruction of Defendants, as a result of an implemented policy, regularly required Plaintiff and Class Members to return to work before completing (constitutes a missed meal period) an uninterrupted meal period of thirty (30) minutes.

1    Upon information and belief, during the relevant time frame, Plaintiff and Class Members often worked
2    shifts in excess of then (10) hours, yet were never provided a second, uninterrupted meal period of
3    thirty (30) minutes for those shifts. During all relevant periods, Defendants illegally and unlawfully
4    required Plaintiff and Class Members to work through meal periods.  Wage orders required that
5    Plaintiff and Class Members be compensated for the meal periods for which Defendants required
6    Plaintiff and Class Members to work. Defendants did not provide Plaintiff and Class Members with a
7    meal break(s) during each workweek throughout the course of employment with Defendants.
8    Defendants failed to compensate Plaintiff and Class Members for these meal periods worked on any
9    given day or during any given workweek.  Despite the above-mentioned meal period violations,
10   Defendants never compensated Plaintiff and Class Members on additional hour of pay at their regular
11   rate as required by California law when meal periods were not provided.

12        65.    Pursuant to Labor Code section 226.7(b) and Industrial Welfare Commission Wage
13   Order 4-2001, section 11(B), Plaintiff and Class Members are entitled to recover from Defendants one
14   (1) additional hour of pay at the employee's regular rate of compensation for each work day that a meal
15   period was not provided, for a three-year statutory period dating back from the date of the
16   commencement of this action.

17                           **FOURTH CAUSE OF ACTION**

18          **Violation of Labor Code section 226.7(a) – Improper Rest Periods**

19                  *(Plaintiff and Class Members against all Defendants)*

20        66.    Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material
21   allegations, as set forth in paragraphs 1 through 67 of this Complaint.

22        67.    At all times herein, Labor Code section 218 authorizes employees to sue directly for any
23   wages or penalty due to them under this article of the California Labor Code.  Labor Code section
24   226.7(a) provides that no employer shall require an employee to work during any rest period mandated
25   by an applicable order of the IWC.

26

27                                      15
                                 COMPLAINT
28

68.     IWC Order No. 4-2001 § 12, which covers rest periods, provides "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Plaintiff allege that Defendants did not provide Plaintiff and Class Members proper uninterrupted rest periods that they were legally entitled to. Upon information and belief, during the relevant time frame, Defendants maintained and enforced a schedule and policies that due to business demands often required Plaintiff and Class Members to shorten (constitutes a missed rest break) or forego their lawful rest periods of ten (10) minutes for every four (4) hours worked or major fraction thereof. Defendants instituted a company-wide policy that demanded Plaintiff and Class Members to work through their rest periods. Defendants illegally and unlawfully required Plaintiff and members of the Class to work through rest periods. Wage orders required that Plaintiff and Class Members be compensated for the rest periods for which Defendants required Plaintiff and Class Members to work. Defendants did not provide Plaintiff and Class Members with a rest break(s) during each workweek throughout the course of employment with Defendants. Defendants failed to compensate Plaintiff and Class Members for these rest periods worked on any given day or in any given workweek by either forcing them to miss their rest breaks or failing to pay Plaintiff and Class Members the time during their rest breaks.

69.     "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "Under the California minimum wage law, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and *compliance cannot be determined by averaging hourly compensation.*" (*Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864, 872 (emphasis added); *see also Sheppard v. North Orange County Regional*

*Occupational Program* (2010) 191 Cal.App.4th 289, 297 n.5 ("Compliance with the minimum wage law is determined by analyzing the compensation paid for each hour worked; *averaging hourly compensation is not permitted under California law*.") (emphasis added).) "[A]ny employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ...." (*Cal. Lab. Code* § 1194(a).) "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry." (*Brinker*, 53 Cal.4th at 1033; *see also Faulkinbury v. Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220, 236 ("An employer has a duty to authorize and permit rest breaks.").) "No employer shall require any employee to work during any ... rest period mandated by an applicable order of the Industrial Welfare Commission." (*Cal. Labor Code* § 226.7(a).) "Under Industrial Welfare Commission wage orders, employers are required to 'authorize and permit all employees to take rest periods' at the rate of at least 10 minutes for every four hours worked." (*Bluford*, 216 Cal.App.4th at 871 (*quoting* 8 C.C.R. § 11070, § 12); *see also Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1104 (Employees are entitled to "a paid 10–minute rest period per four hours of work.").) "The wage order's requirement not to deduct wages for rest periods presumes [employees] are paid for their rest periods." (*Bluford*, 216 Cal.App.4th at 871.)   "Rest periods are considered hours worked and must be compensated." (*Id.* at 872.). Also see, *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7.  Defendants failed to compensate Plaintiff and non-exempt employees by deducting commissions from their hourly pay.

70.     Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Plaintiff and Class Members are entitled to recover from Defendants one (1) additional hour of pay at the employee's 'regular rate' of compensation for each rest period (a) that was not authorized and permitted, and/or (b) that was not paid time for a three-year statutory period dating back from the date of the commencement of this action. Plaintiff and Class Members were systematically not permitted

17

1 | and/or authorized and/or paid to take one (1) ten (10) minute rest period (off duty for ten consecutive

2 | minutes) for every four (4) hours worked or major fraction thereof, which is a violation of the Labor

3 | Code and IWC wage order 4-2001, section 12. Plaintiff and Class Members were not compensated for

4 | rest breaks and were not paid for rest break time. Defendants willfully violated the provisions of Labor

5 | Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

6 |      71.    Defendants' conduct, as alleged herein, violates Labor Code section 226.7(a) and 226.2,

7 | which authorizes that no employer shall require any employee to work during any meal or rest period

8 | mandated by an applicable order of the IWC.

9 |      72. ·   Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338,

10 | Plaintiff and Class Members are entitled to recover from Defendants one (1) additional hour of pay at

11 | the employee's regular rate of compensation for each work day that a rest period was not provided, for a

12 | three-year statutory period dating back from the date of the commencement of this action.  Plaintiff,

13 | and Class Members were systematically not permitted or authorized to take one (1) ten (10) minute rest

14 | period for every four (4) hours worked or major fraction thereof, which is a violation of the Labor Code

15 | and IWC wage order 4-2001, section 12.  On shifts where Plaintiff worked in excess of three and half

16 | hours, they were routinely not permitted and authorized to take lawful rest periods.  Plaintiff and Class

17 | Members were not compensated with one hour of wages for every day in which a rest period was

18 | missed or untimely as a result of Defendants' policies, practices, or work demands.  By failing to

19 | authorize and permit a ten-minute rest period for every four (4) hours or major fraction thereof worked

20 | per day by its non-exempt employees, and by failing to provide compensation for such non-provided or

21 | shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code

22 | sections 226.7, 512 and IWC Wage Order No. 4-2001.

23 | **FIFTH CAUSE OF ACTION**

24 | **Violation of Labor Code section 223 – Unlawful Deductions**

25 | *(Plaintiff and Class Members against all Defendants)*

26 |      73.    Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material

27 | 18

28 | COMPLAINT

1 | allegations set forth in paragraphs 1 through 74.

2 | 74. Labor Code §204 provides that all earned wages are due and payable twice during each
3 | calendar month. Labor Code §221 provides that it shall be unlawful for any employer to collect or
4 | receive from an employee any part of wages theretofore paid by said employer to said employee.
5 | Defendants unlawfully deducted wages from Plaintiff and Class Members. Defendants created a system
6 | whereby Plaintiff and Class Members were not paid meal and rest break premiums and had their stock
7 | options illegal taken from them, and therefore, suffered unlawful deductions. Labor Code §223 provides
8 | that where a contract requires an employer to maintain the designated scale, it is unlawful to pay a lower
9 | wage while purporting to pay the wage designed by the contract. Labor Code §224 prohibits employers
10 | from making deductions from an employee's wages not authorized by the employee in writing or
11 | permitted by law. Labor Code §2751 provides that: Whenever an employer enters into a contract of
12 | employment with an employee for services to be rendered within this state and the contemplated method
13 | of payment of the employee involves commissions, the contract shall be in writing and shall set forth the
14 | method by which the commissions shall be computed and paid.

15 | 75. Under California law, an employer can lawfully withhold amounts from an employee's
16 | wages only in the following circumstances:

17 | a) When required or empowered to do so by state or federal law;

18 | b) When a deduction is expressly authorized in writing by the employee to cover
19 | insurance premiums, benefit plan contributions or other deductions not amounting to a
20 | rebate on the employee's wages; and

21 | c) When a deduction to cover health, welfare or pension contributions is expressly
22 | authorized by a wage or collective bargaining agreement (Labor Code Sections 221 and
23 | 224).

24 | 76. None of the exceptions outlined by the Labor Code apply to Plaintiff and Class
25 | Members. Defendants' failure to pay premiums to Plaintiff and Class Members constitutes an unlawful
26 | deduction. Defendants have maintained a policy of failing to inform Plaintiff and Class Members of

27 |

19

COMPLAINT

28 |

1  the illegal deductions and have willfully failed to compensate Plaintiff and class members for illegal
2  deductions.

3      77.    Plaintiff and all similarly situated employees are entitled to compensation for the illegal
4  deductions from Defendants i.e. meal and rest break premium compensation, damages, and waiting
5  time penalties associated with the deductions and according to proof at trial.

6                                **SIXTH CAUSE OF ACTION**

7      **Violation of Labor Code section 226(a) – Improper Wage Statements**

8      78.    *(Plaintiff and Class Members against all Defendants)*Plaintiff incorporate by reference
9  and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 79 of
10 this Complaint.

11     79. Labor Code section 226(a) mandates that employers provide their employees, along with the
12 employees' paychecks, "an accurate itemized statement in writing showing (1) gross wages earned, (2)
13 total hours worked by the employee, except for any employee whose compensation is solely based on a
14 salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any
15 applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and
16 any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that
17 all deductions made on written orders of the employee may be aggregated and shown as one item, (5)
18 net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of
19 the employee and his or her social security number, except that by January 1, 2008, only the last four
20 digits of his or her social security number or an employee identification number other than a social
21 security number may be shown on the itemized statement, (8) the name and address of the legal entity
22 that is the employer, and (9) all applicable hourly rates in effect during the pay period and the
23 corresponding number of hours worked at each hourly rate by the employee."

24     80. Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and the
25 other Class Members were intentionally not provided accurate wage statements, pursuant to Labor
26 Code section 226(a) by Defendants, because it was Defendants' intent to avoid paying Plaintiff and all

27                                        20
28                                    COMPLAINT

1 | other similarly situated employees, the correct wages that Plaintiff and Class Members legally entitled
2 | to in order for Defendants to generate greater profits at the expenses of Plaintiff and all similarly
3 | situated employees.

4 | 81. Defendants also violated California Labor Code section 226, which requires wage
5 | statements to list "all applicable hourly rates in effect during the pay period and the corresponding
6 | number of hours worked at each hourly rate by the employee." Defendants have knowingly and
7 | intentionally failed to comply with Labor Code § 226(a) on wage statements which should have been
8 | properly provided to Plaintiff and all other similarly situated employees, and such violations flow from
9 | Defendants' improper policies and practices, their implementation and enforcement by Defendants, and
10 | the violations alleged in the preceding causes of action and herein. More specifically, rates, hours
11 | worked, the miscalculation of the overtime rate based on the commission rate and hourly rate, off-the-
12 | clock hours worked, and premium wage payments for missed meal and rest breaks should have been
13 | itemized on the wage statements issued by Defendants to Plaintiff and Class Members and constitutes a
14 | violation of California Labor Code section 226. In addition, Defendants failed to provide Plaintiff and
15 | Class Members with the option to receive paper wage statements. Defendants' intentional conduct by
16 | failing to provide Plaintiff and Class Members with accurate wage statements have caused Plaintiff and
17 | Class Members to suffer injury in fact by depriving them of their wage records. In order to determine if
18 | they had been paid the correct amount and rate for all hours worked, Plaintiff and all other similarly
19 | situated employees have been, would have been, and are compelled to discover for accuracy, the
20 | required information missing from their wage statements and to perform calculations in light of the
21 | inaccuracies and incompleteness of the wage statements Defendants provided to them. Given the
22 | violations addressed above and the resulting inaccuracies in the wage statements provided by
23 | Defendants to Plaintiff and all other similarly situated employees, Defendants have made it very
24 | difficult, to determine from the wage statements themselves such important items of information as the
25 | appropriate pay rate to apply to their hours worked. Defendants' Labor Code section 226 violations
26 | further injured aggrieved employees by rendering them unaware of the full compensation to which

27

28

1  there were entitled under applicable provisions of the California Labor Code and applicable IWC Wage
2  Orders, and Defendants' aggrieved employees have been accordingly rendered unaware of how to
3  calculate such compensation.   Pursuant to California Labor Code §226(c), Plaintiff issued a written
4  request to copy, inspect, and/or receive copies of Plaintiff employment file, including, but not limited to
5  all documents supporting employment with Defendants, however Defendants intentionally failed to
6  respond to the request.

7      82. Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and
8  Class Members are entitled to recover from Defendants the greater of their actual damages caused by
9  Defendants' failure to comply with Labor Code Section 226(a) or an aggregate penalty not exceeding
10  $4,000, and an award of costs and reasonable attorneys' fees pursuant to Labor Code Section 226(e).

11                          **SEVENTH CAUSE OF ACTION**

12          **Violation of Labor Code sections 201-203 – Wages Not Paid Upon Separation**

13                   *(Plaintiff and Class Members, against all Defendants)*

14      83.      Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material
15  allegations set forth in paragraphs 1 through 84 of this Complaint.

16      84.      At all times herein set forth, Labor Code section 218 authorizes employees to sue
17  directly for any wages or penalties due to them under this article of the California Labor Code.

18      85. At all times herein set forth, Labor Code sections 201-203 provide that if an employer
19  discharges an employee, the wages earned and unpaid at the time of discharge are due and payable
20  immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall
21  become due and payable not later than seventy-two (72) hours thereafter; unless the employee has
22  given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee
23  is entitled to his or her wages at the time of quitting.

24      86. During the relevant time period, Defendants failed to pay Plaintiff and Class Members who
25  are no longer employed by Defendants, all their wages, earned and unpaid, either at the time of
26  discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

27                                   22
                              COMPLAINT
28

87. Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation from employment. Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at the time of firing or within seventy-two (72) hours of voluntary separation, if not sooner. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed thirty (30) days of wages. Plaintiff and Class Members who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to unpaid overtime compensation and premium payments for non-provided meal and rest periods, but to date have not received such compensation, and are therefore entitled to wages.

88. Defendants' failure to pay Plaintiff and Class Members, who are no longer employed by Defendants, all wages earned at the time of their discharge, or within seventy-two (72) hours of their leaving Defendant's employ, is in violation of Labor Code sections 201-203.

89. Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days. Plaintiff and Class Members who are no longer employed by Defendants, are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to Labor Code section 203.

### EIGHTH CAUSE OF ACTION

### Violation of California Labor Code section 2800, et seq.

*(Plaintiff and Reimbursement Class against all Defendants)*

90.     Plaintiff incorporates by reference and re-alleges, as if fully stated herein, the material allegations set forth in paragraphs 1 through 91.

91.     Plaintiff and Reimbursement Class Members allege this cause of action against

23

COMPLAINT

1 │ Defendants.

2 │     92.    "An employer shall in all cases indemnify his employee for losses caused by the
3 │ employer's want of ordinary care." (Cal. Labor Code § 2800.)

4 │     93.    "An employer shall indemnify his or her employee for all necessary expenditures or
5 │ losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or
6 │ her obedience to the directions of the employer, even though unlawful, unless the employee, at the time
7 │ of obeying the directions, believed them to be unlawful." (Cal. Labor Code § 2802(a).)

8 │     94.    "All awards made by a court or by the Division of Labor Standards Enforcement for
9 │ reimbursement of necessary expenditures under this section shall carry interest at the same rate as
10 │ judgments in civil actions. Interest shall accrue from the date on which the employee incurred the
11 │ necessary expenditure or loss." (Cal. Labor Code § 2802(b).)

12 │     95.    California Labor Code section 2802(c) provides: "For purposes of this section, the term
13 │ "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to,
14 │ attorney's fees incurred by the employee enforcing the rights granted by this section."

15 │     96.    Defendants owe a duty to Plaintiff and Reimbursement Class Members to indemnify
16 │ them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of
17 │ the discharge of their duties, or of their obedience to the directions of their employer. Defendants
18 │ continue to refuse to reimburse and indemnify Plaintiff and Reimbursement Class Members for all
19 │ necessary expenditures and losses incurred by them, including but not limited cell phones, Internet,
20 │ home office, utilities, and computers while performing work for Defendants.

21 │     97.    Plaintiff and Reimbursement Class Members have incurred, and are continuing to incur,
22 │ necessary expenditures and losses in direct consequence of the discharge of duties, or of obedience to
23 │ Defendants' directions as an employer, which at the time of obeying the directions, Plaintiff and
24 │ Reimbursement Class Members believed to be lawful.

25 │     98.    The acts and omissions herein violated California Labor Code section 2802(a) and
26 │ violates California Labor Code sections 221 through 224. Plaintiff and Reimbursement Class Members

1 | are entitled to attorney's fees under to California Labor Code section 2802(c).

2 | 99. Plaintiff seeks reimbursement and indemnification for himself and all other class
3 | members similarly situated for all necessary expenditures or losses incurred by them in direct
4 | consequence of the discharge of their duties, or obedience to the directions of the Defendants as an
5 | employer.

6 | 100. During the relevant time period, Defendants intentionally and improperly failed to
7 | reimburse necessary expenditures Plaintiff and Reimbursement Class Members incurred.

8 | 101. Under the California Labor Code sections cited herein, Plaintiff and Class Members are
9 | entitled to recover the necessary expenditures they incurred for the March 1, 2020 through preliminary
10 | approval, plus reasonable attorney's fees and costs under California Labor Code section 2802.

11 | 102. By virtue of Defendants' unlawful failure to reimburse necessary expenditures Plaintiff
12 | and Class Members incurred, Plaintiff and Reimbursement Class Members have incurred damages in
13 | amounts presently unknown to Plaintiff and Reimbursement Class Members.

14 | 103. Plaintiff is informed and believes, and based upon that information and belief alleges,
15 | that Defendants, and each of them, knew or should have known Plaintiff and Reimbursement Class
16 | Members were not being reimbursed for all necessary business expenditures they incurred.

17 | 104. As a direct and legal (proximate) result of Defendants' violation of the California Labor
18 | Code, Plaintiff and Reimbursement Class Members have been damaged. Under California Labor Code
19 | section 2802, Plaintiff and Reimbursement Class Members are entitled to, and request reimbursement
20 | of all necessary expenditures they incurred, interest, penalties, reasonable attorney's fees, and costs,
21 | incurred in this action in an amount to be proven at or following trial of this matter.

22 | **NINTH CAUSE OF ACTION**

23 | **Violation of Business and Professions Code section 17200, et seq.**

24 | 105. *(Plaintiff, the Class, and Reimbursement Class, against all Defendants)*Plaintiff
25 | incorporates by reference and re-allege, as if fully stated herein, the material allegations set forth in
26 | paragraphs 1 through 106.

27 |

28 |

1      106.    Defendants' conduct, as alleged herein, including not paying Plaintiff and others

2   similarly situated for all wages owed, including overtime wages and minimum wages, wages for missed

3   meal periods and missed rest periods, not reimbursing business expenses, not providing Plaintiff and all

4   other similarly situated employees with accurate wage statements, unlawfully deducting wages, and not

5   paying Plaintiff and all other similarly situated employees all wages due upon separation from

6   Defendants, has been, and continues to be unlawful and unfair, and harmful to Plaintiff and all other

7   similarly situated employees, and the general public.

8      107.    Defendants' activities as alleged herein are in violation of California law, and constitute

9   unlawful and unfair business practices in violation of Business and Professions Code section 17200, et

10  seq., which justify the issuance of an injunction, restitution, and other equitable relief pursuant to

11  California Business and Professions Code §17203.

12     108.    Plaintiff and all other similarly situated employees have been personally aggrieved by

13  Defendants' unlawful and unfair business practices as alleged herein, including, but not necessarily

14  limited to, the loss of money or property.

15     109.    Defendants have failed and refused to pay Plaintiff and Class Members minimum and

16  overtime wages, commissions, and meal/rest period violations at the regular rate. More specifically,

17  Defendants' conduct violated laws by failing to pay overtime wages to Plaintiff and Class Members,

18  who regularly worked in excess of forty (40) hours per workweek. Defendants have failed and refused

19  to provide Plaintiff and Class Members with meal and rest breaks in violation of the California Labor

20  Code §§226.7(a) and 512. Defendants have failed to reimburse Plaintiff and the Reimbursement Class

21  Members business expenses pursuant California Labor Code §2800 and 2802.  Defendants have failed

22  to provide Plaintiff and similarly situated employees with accurate wage statements pursuant to

23  California Labor Code section 226 as a result of failing to lawfully compensate Plaintiff and similarly

24  situated employees and failed to provide Plaintiff and similarly situated employees with the wages

25  owed upon separation pursuant to California Labor Code section 201-203. Defendants have failed to

26  keep accurate payroll records, have unlawfully deducted wages, and failed to pay minimum wages.

27

28

Defendants violated California Business and Professions Code §17200, et seq. as a result of violating these statutory provisions, where Plaintiff and Class Members suffered an economic hardship in order for Defendants to pursue monetary gain.

110.    Plaintiff, Class Members, and Reimbursement Class Members seek restitution for Defendants knowingly and willfully (or should have known) violating California law and the Labor Code in order for Defendants to financially benefit from its illegal and unfair practices at the expense and work of Plaintiff and all similarly situated employees.

111.    A violation of Business and Professions Code section 17200, et seq. may be predicated on the violation of any state and/or federal law.

112.    Pursuant to Business and Professions Code section 17200, et seq., Plaintiff and Class Members are entitled to restitution of the minimum wages and overtime wages, unlawfully deducted wages,  and premium pay for improper meal and rest periods withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this Complaint; waiting time penalties; reimbursement (Plaintiff and Reimbursement Class Members); a declaration that the above business practices are unlawful and unfair; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and all other similarly situated employees.  Plaintiff, individually, on behalf of all similarly situated employees, and on behalf of the general public through his respective attorneys are serving to enforce an important right of the prompt payment of wages due to employees that affects the affecting a significant public interest.

113.    Plaintiff through this action is conferring a substantial benefit on the general public by ensuring the prompt payment of wages due to employees and a large class of persons (at this time believed to exceed 100 class members), there exists a necessity (Defendants have maintained this illegal practice for at least four years) and financial burden of private enforcement makes an award of attorney's fees appropriate, which should not in the interest of justice be taken out of any award since these any disgorgement or restitution to Plaintiff and class members are owed to them as wages for time worked while employed by Defendants.

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury for all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and all other Class Members and Reimbursement Class Members, pray for relief and judgment against Defendants, as follows:

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representatives of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel;

4.    Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all others who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

5.    Order a complete and accurate accounting of all the compensation to which the Plaintiff and all others who are similarly situated are entitled;

6.    For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California; and

7.    For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein;

8.    Wages and commissions that were unlawfully deducted;

9.    For general and special damages;

10.   Restitution and disgorgement;

11.   Statutory damages, civil penalties;

12.   Pre-judgment interest;

13.   For reasonable attorneys' fees and costs; and

14.   For such other and further relief as the Court deems proper.

COMPLAINT

DATED: June 20, 2023

**NATHAN & ASSOCIATES, APC**

BY:     */s/ Reuben D. Nathan*
        Reuben D. Nathan, Esq.
        Attorneys for Plaintiff,
        COURTNEY TOLBERT

COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Righetti, Esq. (SBN 121012); John Glugoski, Esq. (SBN 191551)<br>RIGHETTI GLUGOSKI, P.C.<br>220 Halleck Street, Suite 220, San Francisco, CA 94129<br>TELEPHONE NO.: (415) 983-0900    FAX NO. *(Optional):*<br>E-MAIL ADDRESS: matt@righettilaw.com; jglugoski@righettilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Courtney Tolbert | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE |
|---|
| STREET ADDRESS: 4050 Main Street |
| MAILING ADDRESS: 4050 Main Street |
| CITY AND ZIP CODE: Riverside, 92501 |
| BRANCH NAME: Riverside Historic Courthouse |

Electronically FILED by Superior Court of California, County of Riverside on 06/21/2023 11:42 AM
Case Number CVRI2303158 0000061770458 - Jason B. Galkin, Executive Officer/Clerk of the Court By Taylor Lornuscio, Clerk

| CASE NAME: |
|---|
| Courtney Tolbert, et al. v. Rocket Mortgage, LLC, et al. |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVRI2303158<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [✓] Substantial amount of documentary evidence
   - d. [✓] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* (1) Failure to Pay Minimum Wage; (2) Failure to Pay Overtime and Double Time; (3) Improper Meal Periods; (4) Improper Rest Periods; (5) Unlawful Deductions; (6) Improper Wage Statements; (7) Wages Not Paid Upon Separation; (8) Failure to Reimburse Expenses; and (9) Unfair Business Practices.
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 20, 2023

John Glugoski
(TYPE OR PRINT NAME)      ▶      *(signature)*      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HO    TO COMPLETE THE COVER SHEET**                    CM-010

**To Pa    ff a d O er F   g F r  Pa er**  If you are filing a first paper (for e ample, a complaint) in a civil case, you complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **o e bo** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the bo  that best indicates the  r ar  cause of action. To assist you in completing the sheet, e ample s of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may sub ect a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Par e    R e    0 Co e  o  Ca e**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, e clusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a pre udgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be e empt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be sub ect to the requirements for service and obtaining a udgment in rule 3.740.

**To Par e    Co    e Ca e**  In comple  cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is comple . If a plaintiff believes the case is comple  under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate bo es in items 1 and 2. If a plaintiff designates a case as comple , the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a  oinder in the plaintiff's designation, a counter-designation that the case is not comple , or, if the plaintiff has made no designation, a designation that the case is comple .

**CASE TYPES AND E AMPLES**

**A o Tor**
  Auto (22)  Personal In ury Property
    Damage Wrongful Death
    Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**O er PI PD  D  Per o al   r**
**Pro er  Da age  ro g f Dea**
**Tor**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal In ury
    Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice
      Physicians  Surgeons
    Other Professional Health Care
      Malpractice
  Other PI PD WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily In ury PD WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI PD WD

**No -PI PD  D O er Tor**
  Business Tort Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (0 )
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI PD WD Tort (35)

**E    o  e**
  Wrongful Termination (36)
  Other Employment (15)

**Co ra**
  Breach of Contract Warranty (06)
    Breach of Rental Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract Warranty Breach  Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract
      Warranty
    Other Breach of Contract Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case  Seller Plaintiff
    Other Promissory Note Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (1 )
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Rea Pro er**
  Eminent Domain Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**U a f Dea er**
  Commercial (31)
  Residential (32)
  Drugs (3 ) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**d a Re e**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ  Administrative Mandamus
    Writ  Mandamus on Limited Court
      Case Matter
    Writ  Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal  Labor
      Commissioner Appeals

**Pro  o a Co  e C  L ga o  Ca**
**R e of Co r R e    00    0**
  Antitrust Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (2 )
  Environmental To ic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**E for e e  of dg e**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
    domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition Certification of Entry of
      Judgment on Unpaid Ta es
    Other Enforcement of Judgment
      Case

**M    e a eo    C    Co    a**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    In unctive Relief Only *(non-
    harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**M    e a eo    C    Pe o**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2303158

**Case Name:**   TOLBERT vs ROCKET MORTGAGE, LLC

JOHN GLUGOSKI
220 HALLECK STREET SUITE 220
San Francisco, CA 94129

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 08/21/2023 | 8:30 AM | Department 10 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/21/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by:

T. Lomuscio, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2303158

**Case Name:**   TOLBERT vs ROCKET MORTGAGE, LLC

COURTNEY TOLBERT

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 08/21/2023 | 8:30 AM | Department 10 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

| <br /> | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/21/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

T. Lomuscio, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2303158

**Case Name:**    TOLBERT vs ROCKET MORTGAGE, LLC

ROCKET MORTGAGE, LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 08/21/2023 | 8:30 AM | Department 10 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/21/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

T. Lomuscio, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2303158

GLUGOSKI, JOHN                          TOLBERT, COURTNEY
220 HALLECK STREET SUITE 220
San Francisco, CA 94129


ROCKET MORTGAGE, LLC

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2303158

**Case Name:**    TOLBERT vs ROCKET MORTGAGE, LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Harold W. Hopp in Department 10 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.




| | |
|---|---|
| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 06/21/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

T. Lomuscio, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

Electronically FILED by Superior Court of California, County of Riverside on 06/21/2023 11:42 AM
Case Number CVRI2303158 0000061770460 - Jason B. Galkin, Executive Officer/Clerk of the Court By Taylor Lomuscio, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

**RI-CI032**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)<br>Matthew Righetti, Esq. (SBN 121012); John Glugoski, Esq. (SBN 191551)<br>RIGHETTI GLUGOSKI, P.C.<br>220 Halleck Street, Suite 220<br>San Francisco, CA 94129<br>    TELEPHONE NO: (415) 983-0900          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): matt@righettilaw.com; jglugoski@righettilaw.com<br>ATTORNEY FOR (Name): Plaintiff, Courtney Tolbert | FOR COURT USE ONLY |
| PLAINTIFF/PETITIONER: Courtney Tolbert, et al. | |
| DEFENDANT/RESPONDENT: Rocket Mortgage, LLC, et al. | CASE NUMBER:<br>CVRI2303158 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:   92878 _____

☐   The action concerns real property located in the zip code of:   _____

☐   The Defendant resides in the zip code of:   _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   June 21, 2023 _____

John Glugoski, Esq. _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

►   _____
                                        (SIGNATURE)

Page 1 of 1

| | | |
|---|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-CI032 [Rev. 07/15/21] | **CERTIFICATE OF COUNSEL** | Local Rule 3117<br>riverside.courts.ca.gov/localforms/localforms.shtml |

RI-ADR001-INFO



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

## ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

## *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

### Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

**Page 1 of 2**

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**  Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.  Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

### RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.  (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

**Page 2 of 2**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO:  FAX NO. *(Optional)*:  E-MAIL ADDRESS *(Optional)*:  ATTORNEY FOR *(Name)*: | |
| PLAINTIFF/PETITIONER:  DEFENDANT/RESPONDENT: | CASE NUMBER:  CASE MANAGEMENT CONFERENCE DATE(S): |

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration          ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
|---|---|---|
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Riverside on 07/24/2023 11:47 AM
Case Number CVRI2303158 0000064837195 - Jason B. Galkin, Executive Officer/Clerk of the Court By Kenneth Thomsen, Clerk

1  Chad D. Bernard (SBN 194162)
   Chad. Bernard@jacksonlewis.com
2  Eric J. Gitig (SBN 307547)
   Eric.Gitig@jacksonlewis.com
3  Martin P. Vigodnier (SBN 311834)
   Martin.Vigodnier@jacksonlewis.com
4  Nareg A. Kourouyan (SBN 334081)
   Nareg.Kourouyan@jacksonlewis.com
5  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
6  Los Angeles, California 90017-5408
   Telephone: (213) 689-0404
7  Facsimile: (213) 689-0430

8  Attorneys for Defendant
   ROCKET MORTGAGE, LLC

9

10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA COURT**

11                            **COUNTY OF RIVERSIDE**

12

13  COURTNEY TOLBERT, on behalf of himself     **CASE NO.: CVRI2303158**
    and others similarly situated,
14                                             **(CLASS ACTION)**
                  Plaintiff,
15                                             [*Assigned for all purposes to the Honorable*
            vs.                                *Harold W. Hopp, Department 1*]
16
    ROCKET MORTGAGE, LLC; and DOES 1-25,       **DEFENDANT ROCKET MORTGAGE,**
17  inclusive,                                 **LLC'S ANSWER TO PLAINTIFF**
                                               **COURTNEY TOLBERT'S UNVERIFIED**
18                Defendants.                  **COMPLAINT FOR DAMAGES**

19                                             Complaint Filed:   June 21, 2023

20

21

22          **TO   THE   HONORABLE   COURT,   PLAINTIFF   COURTNEY   TOLBERT,   AND**

23  **PLAINTIFF'S ATTORNEYS OF RECORD**:

24          Defendant ROCKET MORTGAGE, LLC ("Defendant"), on behalf of itself and for no other

25  entities or individuals, hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff

26  COURTNEY TOLBERT ("Plaintiff") and admits, denies, and otherwise pleads as follows:

27

28

## GENERAL DENIAL

Under the provisions of Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint. Defendant further denies, generally and specifically, that Plaintiff and/or any member of the class or subclass he purports to represent (collectively, "putative class members") have suffered any injury or been damaged in any sum whatsoever by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend or supplement any affirmative defense contained herein at any time. Without conceding that they bear the burden of proof or persuasion as to any one of these, Defendant alleges the following defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. The Complaint is barred, in whole or in part, by the applicable statute of limitations including, but not limited to California Code of Civil Procedure sections 337, 338, 339, 340, and 343, California Labor Code section 203(b), and California Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

**(Waiver and Release)**

3. Some or all of Plaintiff's claims are barred, in whole or in part, to the extent such claims have been waived, discharged, or released.

/ / /

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

4.      The Complaint is barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

5.      The Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendant had procedures in place for reporting work-related issues, including, but not limited to, issues related to timekeeping, meal periods, and rest periods.  Plaintiff and putative class members unreasonably failed to utilize Defendant's preventive and corrective measures, and reasonable use of Defendant's preventive and corrective measures would have prevented at least some of the harm Plaintiff and putative class members allegedly suffered.  *State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

## SIXTH AFFIRMATIVE DEFENSE

### (All Due Compensation Paid)

6.      The Complaint is barred, in whole or in part, because Plaintiff and putative class members have been paid all income, compensation and pay to which they have ever been entitled to under the California Labor Code and the applicable orders of the Industrial Welfare Commission.

## SEVENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

7.      The Complaint is barred, in whole or in part, to the extent Plaintiff and putative class members entered into an accord and satisfaction of any claim asserted in this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

8.      The Complaint is barred, in whole or in part, because Plaintiff failed to timely and completely exhaust the requisite administrative remedies under the California Labor Code.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### NINTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

9.      Plaintiff and putative class members are not entitled to any equitable or injunctive relief as claimed or prayed for in the Complaint because Plaintiff and putative class members have not suffered any irreparable injury based on any alleged conduct of Defendant, and Plaintiff and putative class members have an adequate remedy at law for any such conduct.

### TENTH AFFIRMATIVE DEFENSE

#### (Set-Off for Unearned Compensation)

10.      Without admitting the allegations of the Complaint, but rather expressly denying them, Defendant is entitled to a set-off for amounts Plaintiff and putative class members owe Defendant for receipt of any wages and other benefits to which they were not entitled and/or did not earn. *See Witt v. Jackson* (1961) 57 Cal.2d 57.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Comply with Reasonable Directions)

11.      Defendant is informed and believes, and thereon allege, that any recovery on the Complaint as a whole, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 to the extent Plaintiff and putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Lack of Knowledge)

12.      The Complaint is barred, in whole or in part, because Defendant did not have knowledge of any alleged violations of the Labor Code.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

13.      The Complaint is barred, in whole or in part, because Plaintiff lacks standing as a representative of the putative class and does not and cannot adequately represent the putative class members as to some or all claims.

4

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines Unconstitutional)**

14.      Although Defendant denies that it has committed or have responsibility for any act that could support the recovery against Defendant in this lawsuit, such recovery is barred if any, to the extent any such act is found, because such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Voluntary Waiver of Meal and Rest Periods)**

15.      The Complaint is barred, in whole or in part, because Plaintiff and putative class members voluntarily chose not to take provided meal and rest periods as reasonably expected by Defendant, and/or voluntarily waived the same.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Injury)**

16.      Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because, even assuming *arguendo* that Plaintiff and/or putative class members were not provided with a proper itemized statement of wages and deductions, they suffered no injury based on Defendant's alleged failure to provide itemized wage statements.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Knowing and Intentional Failure)**

17.      Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because, even assuming *arguendo* that Plaintiff and/or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and putative class members are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct / Good Faith Dispute)**

18.     Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because any violation of the California Labor Code was an act or omission made in good faith, was not willful, and Defendant had reasonable grounds for believing that the act or omission was not a violation of the law.  As such, good faith disputes exist concerning any of Defendant's alleged violations.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Expenses Not Reasonably Incurred)**

19.     The Complaint is barred, in whole or in part, because, assuming *arguendo* that any alleged expenses were incurred by Plaintiff or putative class members during their employment with Defendant, such expenses were not necessary or reasonably incurred by Plaintiffs and putative class members in the course and scope of their employment with Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Duplicative Claims)**

20.     The Complaint is barred, in whole or in part, because Plaintiff and putative class members' claims have previously been asserted and are pending in other actions. This action should therefore be stayed in favor of other actions asserting the same primary rights as those asserted in the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Jury Trial for Claims Under Business and Professions Code)**

21.     Defendant asserts that Plaintiff and putative class members are not entitled to a jury trial in connection with their claims under the California Business and Professions Code section 17200, *et seq*., and instead must adjudicate their claims by way of a bench trial.  *See Nationwide Biweekly Administration, Inc. v. Superior Court* (2020) 9 Cal. 5th 279; *Hodge v. Sup. Ct.* (2006) 145 Cal. App. 4th 278.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Right to Attorney's Fees)**

22.     The Complaint is barred, in whole or in part, because Plaintiff fails to state a cause or causes of action for attorneys' fees against Defendants on any basis.

**RESERVATION OF RIGHTS**

Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within actions.  Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant and against Plaintiff;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. That Defendant be awarded for cost of suits incurred herein, including reasonable attorneys' fees; and

5. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED:      July 24, 2023                        **JACKSON LEWIS P.C.**


                                        By:_____/s/ Martin P. Vigodnier_____
                                            Chad D. Bernard
                                            Eric J. Gitig
                                            Martin P. Vigodnier
                                            Nareg A. Kourouyan

                                            Attorneys for Defendant
                                            ROCKET MORTGAGE, LLC

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

**CASE NAME:        COURTNEY TOLBERT v. ROCKET MORTGAGE, LLC, *et al.***

**CASE NUMBER:    CVRI2303158**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

     On July 24, 2023, I served the foregoing document described as:

**DEFENDANT ROCKET MORTGAGE, LLC'S ANSWER TO PLAINTIFF COURTNEY TOLBERT'S UNVERIFIED COMPLAINT FOR DAMAGES**

on the interested parties in this action addressed as follows:

| | |
|---|---|
| Reuben D. Nathan, Esq.<br>**NATHAN & ASSOCIATES, APC**<br>2901 W. Coast Hwy., Ste. 200<br>Newport Beach, CA 92663<br>Tel: (949) 270-2798<br>Fax: (949) 209-0303 | Email: rnathan@nathanlawpractice.com<br>       matt@righettilaw.com<br>       jglugoski@righettilaw.com |
| Matthew Righetti, Esq.<br>John Glugoski, Esq.<br>**RIGHETTI GLUGOSKI, P.C.**<br>The Presidio of San Francisco<br>220 Halleck Street, Suite 220<br>San Francisco, CA 94129<br>Tel: (415) 983-0900 | *Attorneys for Plaintiff COURTNEY TOLBERT and Proposed Class* |

**[X]    BY MAIL**

     **[X]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    STATE**

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on July 24, 2023 at Los Angeles, California.

                         /s/ Karina Ramirez
                         KARINA RAMIREZ

4854-3807-7040, v. 4